UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRUCE K POND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00547-JMS-DLP |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for Relief From Judgment**

Petitioner Bruce Pond filed a 28 U.S.C. § 2254 habeas corpus petition challenging his Indiana conviction for voluntary manslaughter. This Court denied relief, dkts. 17 and 18, and the Seventh Circuit denied a certificate of appealability, dkt. 27 (mandate). Mr. Pond then filed a motion for relief from judgment, arguing that federal habeas counsel's ineffectiveness was an extraordinary circumstance that warrants relief. *See* Fed. R. Civ. P. 60(b)(6). For the reasons below, his motion must be denied.

Mr. Pond argues that habeas counsel was ineffective for failing to request an evidentiary hearing and for failing to file a motion to alter or amend judgment. Dkt. 29. This is a genuine Rule 60(b) motion, not a mislabeled second or successive petition for habeas relief. *See Ramirez v. United States*, 799 F.3d 845, 850−54 (7th Cir. 2015) (Rule 60(b) motion alleging § 2255 counsel's ineffectiveness was properly considered as such). Mr. Pond does not seek relief from his state conviction; instead, he asks for the Court to reopen his habeas proceedings and grant him an evidentiary hearing. Dkt. 29 at 6.

Although the motion is entitled to consideration under Rule 60(b), it does not warrant relief. "[R]elief under Rule 60(b)(6) requires the movant to establish that 'extraordinary circumstances'

justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015). Counsel's abandonment of a § 2254 petitioner may, in some circumstances, warrant relief under Rule 60(b)(6). *See Ramirez*, 799 F.3d at 856 (granting Rule 60(b) relief based on § 2255 counsel's abandonment and failure to file notice of appeal); *Holland v. Florida*, 560 U.S. 631, 651 (2010) (counsel abandonment may constitute "extraordinary circumstances" to warrant tolling of § 2244(d) limitation period).

But Mr. Pond does not allege that counsel abandoned him; he merely takes issue with some of counsel's decisions. *See* dkt. 29 at 2 (Mr. Pond noting that counsel "tr[ied] her best to help me, which I appreciate immensely"). Even assuming that habeas counsel unreasonably erred in failing to request an evidentiary hearing or file a motion to alter or amend judgment—and the Court makes no such finding—those errors are not the kind of extraordinary circumstance that would warrant relief under Rule 60(b)(6). *Cf. Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (concluding that "*Ramirez*'s holding is best construed as resting on abandonment" and that attorney error is not an "extraordinary circumstance" justifying equitable tolling absent a "showing of abandonment or egregious attorney misconduct").

Mr. Pond's motion for relief from judgment, dkt. [29], is therefore **denied**.

**SO ORDERED.**

Date: 2/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Lisa Malmer Johnson
LAW OFFICE OF LISA M. JOHNSON
Lisa@LMJAttorney.com

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov